UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA L. SAAL,

    Plaintiff,

v.                                              Case No. 1:08-cv-347
                                              Hon. Gordon J. Quist

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

        Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for disability insurance benefits (DIB).

        Plaintiff was born on August 26, 1960, and completed one year of college, with special training as a medical assistant (1988) (AR 71, 96).[1] She alleged a disability onset date of February 14, 2001 (AR 71). Plaintiff had previous employment as a receptionist and office manager for a doctor's office (AR 91). Plaintiff identified her disabling conditions as degenerative disk and joint disease, arthritis, fibromyalgia, irritable bowel syndrome, HTN, bladder leakage, and gastrointestinal reflux disease (GERD) (AR 90). This is plaintiff's second application for DIB. Plaintiff filed her first application for DIB on July 24, 2001 (AR 37). After the application was denied, an Administrative Law Judge (ALJ) reviewed plaintiff's claim *de novo* and entered a

---

[1] Citations to the administrative record will be referenced as (AR "page #").

decision denying the claim on February 26, 2003 (AR 37-47). Shortly thereafter, plaintiff filed the present claim on April 14, 2003 (AR 18, 71). This application was also denied. A different ALJ reviewed plaintiff's claim *de novo* and entered a decision denying it on November 23, 2005 (AR 18-29). The second decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.[2]

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988).

---

[2] The Appeals Council did not deny plaintiff's request for review until February 13, 2008 (AR 7). It is unclear why it took over two years for the Appeals Council to act.

Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity

3

(determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II. ALJ'S DECISION

The ALJ found that the issue of plaintiff's disability, from the alleged onset date of February 14, 2001 through the February 26, 2003, was addressed in the 2003 decision denying benefits, and that the doctrine of *res judicata* applied to the issue of disability through the date of that decision (AR 18). For this reason, the ALJ's November 23, 2005 decision under consideration in this case addressed the issue of disability beginning on February 27, 2003 (AR 18). At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since the alleged onset of disability (AR 28). At step two, the ALJ found that she suffered from severe impairments of fibromyalgia, degenerative disc disease, right shoulder impingement, and depressive disorder (AR 28).

At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1(AR 28). The ALJ decided at the fourth step that plaintiff had the residual functional capacity (RFC):

> to perform sedentary work with a sit/stand option and no climbing, crawling, stooping, squatting, or kneeling; no pushing or pulling or overhead reaching with the right upper extremity; no work around hazardous machinery or unprotected heights; and no use of vibrating tools. In addition, the claimant is limited to unskilled work due to decreased concentration and no work with frequent changes or adaptations.

(AR 28). The ALJ also found that plaintiff was unable to perform her past relevant work (AR 28).

4

At the fifth step, the ALJ determined that plaintiff had the RFC to perform a range of sedentary work, which includes the following jobs in the regional economy: (the lower peninsula of Michigan): cashier (5,000 jobs); sorter/packager (2,800 jobs); assembler (1,500 jobs); and information clerk (1,700 jobs) (AR 28). Accordingly, the ALJ determined that plaintiff was not under a disability and entered a decision denying benefits (AR 28-29).

## III. ANALYSIS

Plaintiff raises two issues on appeal:

> **A.  Whether the ALJ's assessment of claimant's RFC is supported by substantial evidence or is contrary to the law?**

Plaintiff contends that the ALJ failed to properly evaluate the opinions expressed by four sources: Justus Fiechtner, M.D.; Jacob Megdell, Ph.D.; physical therapist Martha Andrews; and Paul Liu, D.O.

### 1.  Dr. Fiechtner

Plaintiff contends that the ALJ failed to properly evaluate the opinions of Dr. Fiechtner, her treating rheumatologist. Plaintiff's Brief at 14-15. A treating physician's medical opinions and diagnoses are entitled to great weight in evaluating plaintiff's alleged disability. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997). The agency regulations provide that if the Commissioner finds that a treating medical source's opinion on the issues of the nature and severity of a claimant's impairments "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in

5

[the] case record, [the Commissioner] will give it controlling weight." *Walters*, 127 F.3d at 530, *quoting* 20 C.F.R. § 404.1527(d)(2).  An ALJ is not bound by the conclusory statements of doctors, particularly where the statements are unsupported by detailed objective criteria and documentation. *Buxton*, 246 F.3d at 773; *Cohen v. Secretary of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992).  In summary, the opinions of a treating physician "are only accorded great weight when they are supported by sufficient clinical findings and are consistent with the evidence." *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 287 (6th Cir. 1994); 20 C.F.R. § 404.1526. Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source.  *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004).

The record reflects that Dr. Fiechtner completed a questionnaire from plaintiff's counsel regarding his treatment of plaintiff from October 1, 2003 through March 3, 2005 (the "March 3, 2005 report") (AR 440-43).  The doctor identified plaintiff's diagnoses as fibromyalgia, Raynaud's Phenomenon, vertigo and irritable bowel syndrome, with plaintiff reporting pain in her spine, chest, shoulders, arms, hips, legs, knees, ankles and feet (AR 440).  The doctor found that the following factors caused plaintiff's pain to increase: prolonged sitting in a task chair; prolonged weight bearing; lifting more than 15 pounds more than one [sic] or twice; lifting more than 5 pounds "up to 2.5. hours a day;" bending/crouching;  twisting the back and the neck;  repetitive or forceful grasping; repetitive fingering or keyboarding; climbing stairs; stress; fatigue; reaching forward; and reaching overhead (AR 440-41).[3]  Plaintiff suffered daily fatigue that affected her ability to function physically or mentally (AR 441).  The doctor cited objective evidence of osteoarthritis of the spine and previous back surgery that "could reasonably explain some, if not all, of her pain and other

---

[3] The doctor "checked" all of the potential factors listed on the form.

6

symptoms" and reported clinical findings of multiple tenderpoints and decreased range of motion of the neck and spine (AR 441).

The doctor stated that plaintiff could not "stand/walk [] for up to 6 hours in an 8 hour day on a regular basis with a customary lunch break," and that she was not able "to sit in a regular desk type chair for up to 6 hours in an 8 hour day on a regular basis with customary breaks" (AR 443). The doctor stated that plaintiff required the "freedom to rest frequently or at will for extended periods for symptom relief" and opined that she was neither non-compliant with treatment recommendations nor a malingerer (AR 443). Finally, Dr. Fiechtner found that plaintiff did not suffer side effects from medication and that exercise helped relieve her symptoms (AR 442).

The ALJ noted that in February 2005, Dr. Fiechtner found plaintiff's fibromyalgia to be well controlled (AR 25, 445). The ALJ considered both Dr. Fiechtner's March 3, 2005 report and a physical RFC assessment by non-examining DDS physician, B. D. Choi, M.D., who found that plaintiff was capable of performing a range of sedentary work (AR 20-21, 23-24, 358-66). In addition, the ALJ reviewed plaintiff's testimony regarding her physical limitations (e.g., she could walk 1/4 mile on a treadmill, stand for 15-20 minutes on a good day and 10 minutes on a bad day, lift 15 pounds, sit for 1/2 hour on a good day and 15 minutes on a bad day) and daily activities (e.g., she rises at 4:30 a.m., does laundry, waters plants, loads the dishwasher, watches 2-3 hours of television in the afternoon, fixes meals, folds laundry, walks on the treadmill, crochets, sews, does crafts, lies down, does her physical therapy, and goes shopping on occasion (AR 24). Ultimately, the ALJ determined that plaintiff had the ability to perform a very limited range of sedentary activity (AR 28).

While the ALJ apparently rejected portions of the March 3, 2005 report, she did not assign any particular weight to Dr. Fiechtner's opinions expressed in the report. The question before the court is whether it is necessary to remand this matter for a more explicit evaluation of the doctor's opinion. The regulations provide that the agency "will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion." 20 C.F.R. § 404.1527(d)(2). Given this requirement, the court will remand cases "when the agency fails to follow its own regulations by not stating good reasons for giving diminished or no weight to a treating physician's opinion." *Allen v. Commissioner of Social Security*, 561 F.3d 646, 651 (6th Cir. 2009) (internal quotations omitted), citing *Bowen v. Commissioner of Social Security*, 478 F.3d 742, 746 (6th Cir. 2007) and *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546-47 (6th Cir. 2004).

Assigning weight to Dr. Fiechtner's opinions is especially important in this case. The vocational expert (VE) testified that plaintiff "discussed a lot of work preclusive factors" such as "her description of the pain symptoms and the degree to which her activities revolve around dealing with those symptoms, the significant periods of rest that she takes each day, the amount of time she spends reclining, the use of her TENS Unit, and unpredictable pattern [*sic*]" (AR 520). The VE also testified that each of these individual factors would be work preclusive (AR 520). Dr. Fiechtner's opinions expressed in the March 3, 2005 report supports some of the work preclusive factors identified by the VE. For example, the doctor opined that plaintiff needed the freedom to rest frequently or at will, suffered daily fatigue, had pain caused by prolonged sitting, and that her osteoarthritis could reasonably explain some, if not all, of her pain symptoms (AR 440-43).

If the ALJ disagreed with Dr. Fiechtner's opinions on these issues, then she should have explained the weight given to those opinions pursuant to 20 C.F.R. § 404.1527(d)(2). While evidence in the administrative record might support an ALJ's decision denying benefits, the existence of such evidence does not excuse the ALJ's failure to address opinions expressed by treating physician. "A court cannot excuse the denial of a mandatory procedural protection simply because, as the Commissioner urges, there is sufficient evidence in the record for the ALJ to discount the treating source's opinion, and, thus, a different outcome on remand is unlikely." *Wilson*, 378 F.3d at 546. Accordingly, the court concludes that this matter should be remanded pursuant to sentence-four of 42 U.S.C. § 450(g) for a re-evaluation of Dr. Fiechtner's opinions.

### 2. Dr. Megdell

Next, plaintiff contends that the ALJ should have given more weight to the opinions expressed by a psychologist, Dr. Megdell, who evaluated plaintiff on March 12, 2005 (AR 455-60). Dr. Megdell, having seen plaintiff only once, was a "nontreating source" and not entitled to the deference given to a treating physician. *See* 20 C.F.R. § 404.1502 ("Nontreating source means a physician, psychologist, or other acceptable medical source who has examined you but does not have, or did not have, an ongoing treatment relationship with you"); *Smith v. Commissioner of Social Security*, 482 F.3d 873, 876 (6th Cir. 2007) (opinion from a doctor who examined a claimant only once and wrote a single "physical capacity evaluation" is not reviewed as the opinion of a treating physician); *White v. Barnhart*, 415 F.3d 654, 658 (7th Cir. 2005) (opinions of a doctor who examined claimant only once was a "nontreating source" under the regulations and not assigned controlling weight under the "treating physician rule"); *Walters*, 127 F.3d at 529-30 (opinion of

treating physician generally accorded greater weight than those of a physician who examined the claimant only once).

In a report directed to plaintiff's representative, Dr. Megdell concluded that plaintiff had marked or extreme limitations in certain areas of "understanding, memory, concentration and persistence," concluding that "her ability to maintain concentration, memory, and to persist at a job task is severely impaired" by her severe chronic pain disorder (AR 459). Dr. Megdell opined that plaintiff "would not be able to maintain an expected work schedule without frequent interruptions due to physical and psychological distress" (AR 459). The doctor felt that plaintiff's impairment affected the following work-related activities, "sitting, standing, concentrating for prolonged periods of time" (AR 460). Dr. Megdell concluded that the core of plaintiff's psychological distress is her physical impairment and that there was no indicating of symptom exaggeration or malingering (AR 457-58).

The ALJ was not required to articulate any reasons for the weight he accorded Dr. Megdell's opinions, because the doctor was a nontreating source. *See Smith*, 482 F.3d at 857-76; *Jewell v. Astrue*, No. 08-58-DLB, 2008 WL 4656911 at *3 (E.D. Ky. Oct. 21, 2008). Nevertheless, the ALJ explained his reasons for giving the doctor's report only limited weight (AR 25). The ALJ observed that the purpose of the consultation with Dr. Megdell was not to treat symptoms, but rather, it was a one-time referral from her representative "in connection with an effort to generate evidence for the current appeal" (AR 25). In addition, the ALJ noted an inconsistency between plaintiff's ability to maintain an active schedule of household chores and daily activities and the doctor's opinion that she had marked limitations in relating to her ability to persist at job tasks (AR 25). Despite these criticisms, the ALJ ultimately adopted some of Dr. Megdell's opinion in the RFC

determination, which limited plaintiff "to unskilled work due to decreased concentration and no work with frequent changes or adaptations" (AR 28). Accordingly, the ALJ did not err in reviewing Dr. Megdell's report.

### 3.  Physical therapist Martha Andrews

Next, plaintiff contends that the ALJ erred by ignoring the opinions of plaintiff's physical therapist, Martha Andrews. Plaintiff's Brief at 17. Specifically, in July 2003, Ms. Andrews prepared a "Functional Capacity Evaluation," which found that plaintiff demonstrated decreased abilities to perform a number of activities (e.g., lifting, pushing, pulling, carrying, gripping, bending, rotation, crawling, kneeling, crouching, squatting, sitting, standing, walking, climbing, balance, and upper extremity coordination (AR 310-16).

The Commissioner must provide a statement of evidence and reasons on which the decision is based. *See* 42 U.S.C. § 405(b)(1). However, it is unnecessary for the ALJ to address every piece of medical evidence. *See Heston v. Commissioner of Social Security*, 245 F.3d 528, 534-35 (6th Cir. 2001) (ALJ's failure to discuss a doctor's report was harmless error because the reviewing court should consider all of the evidence in the record). The ALJ did not explicitly adopt or reject Ms. Andrews' opinion. However, the ALJ's RFC determination included most of the restrictions identified in Ms. Andrews' evaluation (i.e., plaintiff had the RFC "to perform sedentary work with a sit/stand option and no climbing, crawling, stooping, squatting, or kneeling; no pushing or pulling or overhead reaching with the right upper extremity; no work around hazardous machinery or unprotected heights; and no use of vibrating tools"). Any error in failing to address Ms. Andrew's opinions were harmless, because a remand would not lead to a different result. *See Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("[n]o principle of administrative law or common sense requires

11

[a reviewing court] to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result").[4]

### 4.     Dr. Liu

Finally, plaintiff contends that the ALJ improperly relied on opinions expressed by Dr. Liu, a non-examining State Agency physician, that plaintiff had "no medically-determinable impairment."  Plaintiff's Brief at 16.  Plaintiff suggests that  Dr. Liu (whose stamp affixed to the report identified him as a "child psychiatrist"), was not qualified to issue an opinion regarding her physical ailments.  Plaintiff's contention is meritless.  Dr. Liu, a psychiatrist, did not issue any opinions regarding plaintiff's physical impairments.  Rather,  he reviewed plaintiff's mental health records, and then completed a Psychiatric Review Technique form finding that she had no mental impairments (AR 343-57).  The ALJ referred to Dr. Liu's opinion with reference to the existence of plaintiff's mental impairments, not her physical impairments (AR 23-24).

### B.     Whether or not the ALJ's finding that the claimant can perform substantial gainful activity is supported by substantial evidence or is contrary to the law?

Finally, plaintiff contends that the ALJ's hypothetical question was flawed because the ALJ did not appropriately analyze the treating physician's  [i.e., Dr. Fiechtner's] opinion.  An ALJ's finding that a plaintiff possesses the capacity to perform substantial gainful activity that exists in the national economy must be supported by substantial evidence that the plaintiff has the

---

[4] A physical therapist is an "other medical source" rather than an "acceptable medical source" for purposes of evaluating disability claims.  *See* 30 C.F.R. § 416.913(d)(1). Pursuant to SSR 06-03p, "Considering opinions and other medical evidence from sources who are not 'acceptable medical sources' in disability claims," the ALJ should evaluate other medical opinions on key issues such as impairment severity and functional effects.  However, it is unnecessary to determine whether the ALJ complied with the requirements of SSR 06-03p in this case, because even if the ALJ should have evaluated Ms. Andrews' opinion under the SSR, the ALJ's failure to do so was harmless error.

vocational qualifications to perform specific jobs. *Varley v. Secretary of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). This evidence may be produced through reliance on the testimony of a VE in response to a hypothetical question which accurately portrays the claimant's physical and mental impairments. *Id.* However, a hypothetical question need only include those limitations which the ALJ accepts as credible. *See Blacha v. Secretary of Health and Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990). *See also Stanley v. Secretary of Health and Human Servs.*, 39 F.3d 115, 118 (6th Cir. 1994) ("the ALJ is not obliged to incorporate unsubstantiated complaints into his hypotheticals").

In this case, the ALJ's hypothetical questions were proper, because the questions included limitations that the ALJ found credible and consistent with the ALJ's RFC determination (AR 28, 518-20). *See Stanley*, 39 F.3d 115 at 118; *Blacha*, 927 F.2d at 231. Nevertheless, the court agrees with plaintiff if the Commissioner adopts some of Dr. Fiechtner's additional restrictions on remand, and also finds that these restrictions adversely affect her RFC, then it will be necessary for the Commissioner to obtain additional vocational evidence based upon the new RFC.

**IV.   Recommendation**

I respectfully recommend that the Commissioner's decision be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) re-evaluate Dr. Fiechtner's March 3, 2005 report, assign weight to the opinions expressed in the report, and give reasons for the weight assigned to the

opinions. If the re-evaluation results in additional limitations on plaintiff's ability to work, then the

Commissioner should obtain vocational evidence consistent with those limitations.


Dated:  June 9, 2009                                          /s/ Hugh W. Brenneman, Jr.
                                                              HUGH W. BRENNEMAN, JR.
                                                              United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).