UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA L. SAAL,

      Plaintiff,

v.                                                  Case No. 1:08-CV-347

COMMISSIONER OF SOCIAL                    HON. GORDON J. QUIST
SECURITY,

      Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it the Commissioner's Objections to the Magistrate Judge's Report and Recommendation issued on June 9, 2009, as well as Plaintiff's Response to the Commissioner's Objections. In his report and recommendation, the magistrate judge recommended that the Administrative Law Judge's (ALJ) decision denying Plaintiff's claim for benefits be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). The magistrate judge recommended remand to allow the ALJ to re-evaluate the March 3, 2005 report of Plaintiff's treating physician, Dr. Fiechtner, assign weight to Dr. Fiechtner's opinions, and give reasons for the weight assigned to those opinions. The magistrate judge further recommended that if the re-evaluation results in additional limitations on Plaintiff's ability to work, the ALJ should obtain additional vocational evidence considering those limitations.

In reaching his conclusion, the magistrate judge observed that the ALJ failed to assign any particular weight to Dr. Fiechtner's opinions, as required by agency regulations. *See* 20 C.F.R. § 404.1527(d)(2). The magistrate judge deemed the ALJ's explanation of the weight she assigned to

Dr. Fiechtner's opinions especially important because the vocational expert (VE) testified that certain factors Plaintiff cited would be work preclusive, and Dr. Fiechtner's opinions in his March 3, 2005 report support some of these factors the VE identified. Thus, if accepted, Dr. Fiechtner's opinions would support additional restrictions that might preclude Plaintiff from working. For that reason, the magistrate judge believed that the ALJ should explain the weight she gave to those opinions.

After conducting a *de novo* review of the report and recommendation, the Court concludes that it should be adopted.

The Commissioner contends that the Court should decline to remand to the ALJ as the magistrate judge recommends because the ALJ's decision provides a sufficient basis for determining the weight she gave to Dr. Fiechtner's opinions and, thus, a remand would serve no useful purpose as it would not alter the ALJ's decision. The Commissioner points out that in considering the evidence of Plaintiff's residual functional capacity, the ALJ observed that Dr. Fiechtner had reported that Plaintiff's fibromyalgia was well-controlled. The ALJ found this report consistent both with Plaintiff's reports to Dr. Fiechtner that she had little pain in her right shoulder since her recent surgery and that she had most of her functionality back as well as her generally good range of daily living activities. The Commissioner asserts that while the ALJ obviously accepted some of Dr. Fiechtner's opinions by adopting limitations that were supported by his opinions, the ALJ's rejection of the balance of those opinions and reasons therefore are apparent from the ALJ's decision.

While the Court finds it to be a close call, it agrees with the magistrate judge that remand is appropriate. Contrary to the Commissioner's assertion, the Court does not construe the magistrate judge's statements on page 9 of the report and recommendation, which include a quote from *Wilson v. Commissioner of Social Security*, 378 F.3d 541 (6th Cir. 2004), to suggest that the magistrate

judge affirmatively found the ALJ's decision to be supported by substantial evidence. In fact, the quoted language says that remand may be appropriate, even if the decision is supported by substantial evidence, where the ALJ failed to comply with a mandatory procedural requirement. Furthermore, while it is plausible that the ALJ's reference to Dr. Fiechtner's statements that Plaintiff's fibromyalgia was well controlled and that she had regained most of her functionality following shoulder surgery and Plaintiff's generally good range of daily living activities suggest that the ALJ considered and gave no weight to the opinions the magistrate judge cited as supporting additional work preclusive factors, this conclusion does not automatically follow. In this situation, the better course is to remand so that the ALJ may properly explain the weight she assigned to the treating physician's opinions. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued June 9, 2009 (docket no. 18), is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that the Commissioner's decision is **reversed and remanded** pursuant to sentence four of 42 U.S.C. § 405(g) to allow the ALJ to re-evaluate Dr. Fiechtner's March 3, 2005 report; assign weight to Dr. Fiechtner's opinions; give reasons for the weight assigned to those opinions; and obtain vocational evidence pertaining to additional limitations, if any, resulting from such re-evaluation.

This case is **concluded**.

Dated: September 29, 2009 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE