UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA L. SAAL,

        Plaintiff,

Case No. 1:08-cv-347

Hon. Gordon J. Quist

vs.

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

This matter is now before the court on plaintiff's application for attorney fees pursuant to the Equal Access to Justice Act (EAJA) (docket no. 24). For the reasons stated below, the undersigned recommends that plaintiff's motion be denied.

**I.    Background**

Plaintiff appealed the Commissioner's decision denying benefits. After reviewing the administrative transcript, the undersigned recommended that matter be reversed and remanded to the Social Security Agency pursuant to sentence four of 42 U.S.C. § 405(g) because the ALJ failed to properly evaluate the opinions of her treating rheumatologist, Dr. Fiechtner, by failing to assign any particular weight to the doctor's report as required under the agency's regulations. *See* Report and Recommendation at pp. 5-9 (docket no. 18). After characterizing this issue as a "close call," the the district judge agreed that a sentence-four remand was appropriate to allow the ALJ to re-evaluate Dr. Fiechtner's March 3, 2005 report. *See* Order adopting report and recommendation (docket no. 23). Plaintiff has now applied for attorney fees under the EAJA.

## II. Plaintiff's claim for fees under the EAJA

### A. Legal standard

The EAJA provides in relevant part that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d). The "fees and other expenses" authorized by the EAJA include reasonable attorney fees. 28 U.S.C. § 2412(d)(2)(A).

Eligibility for an EAJA fee award in a civil action requires:

> (1) that the claimant be a "prevailing party"; (2) that the Government's position was not "substantially justified"; (3) that no "special circumstances make an award unjust"; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment n the action and be supported by an itemized statement.

*Commissioner, INS v. Jean*, 496 U.S. 154, 158 (1990).

Defendant objects to plaintiff's fee application on the ground that the government's position was substantially justified. The court agrees. "[U]nder the EAJA it is the government's burden to prove that its position was substantially justified." *United States v. True*, 250 F.3d 410, 419 n. 7 (6th Cir. 2001). "The government's 'position' comprehends both the United States' underlying action and its litigation position." *Delta Engineering v. United States*, 41 F.3d 259, 261 (6th Cir. 1994). The Sixth Circuit has explained the government's burden as follows:

> The government's position under section 2412(d)(1)(A) [the EAJA] is substantially justified if it is justified in substance or in the main -- that is, justified to a degree that could satisfy a reasonable person . . . [A] position can be justified even though it is not correct, and we believe it can be substantially (i.e. for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.

2

*United States v. Real Property Located at 2323 Charms Road*, 946 F.2d 437, 440 (6th Cir. 1991) (citations and quotations omitted).

      **B.**    **Discussion**

The decision to award fees under the EAJA is independent from the court's review of the merits of the case, requiring "the court to examine through an EAJA prism both the Government's litigation position and the conduct that led to litigation." *Federal Election Commission v. Rose*, 806 F.2d 1081, 1090 (D.D.C.1986). Although plaintiff was a prevailing Social Security claimant, EAJA fees are not available to her unless the Commissioner's position lacked "a reasonable basis in law and fact." *Bergen v. Commissioner of Social Security*, 454 F.3d 1273, 1277 (11th Cir.2006). In the context of a social security appeal, the fact that the court finds a decision of the Commissioner is not supported by substantial evidence "is not equivalent to a finding that the position of the United States was not substantially justified" under the EAJA. *Couch v. Secretary of Health and Human Services*, 749 F.2d 359, 360 (6th Cir.1984). Thus, the government's position can be found to be substantially justified even though the case was remanded for further proceedings. *See*, *e.g.*, *Gray v. Commissioner of Social Security*, No. 00-6616, 2001 WL 1450821 at *1 (6th Cir. Nov. 6, 2001) (remanded due to error of law); *Cunningham v. Halter*, No. 00-4034, 2001 WL 1450778 (6th Cir. Oct. 30, 2001) (government's position substantially justified when, although the matter was remanded for further development regarding three specific issues, the government had successfully defended several claims).

This case involves a plaintiff who obtained a sentence-four remand because the ALJ ALJ failed to articulate good reasons for not giving weight to a treating physician's opinions. The ALJ's failure to meet the articulation requirements in a decision "in no way necessitates a finding

[that the Commissioner's] position was not substantially justified." *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992). "[A]lthough there may be flaws in an ALJ's decision, which require a reversal of the denial of benefits and a remand for further consideration, this does not automatically mean that the Commissioner's decision to defend the ALJ's decision to deny benefits was not 'substantially justified.'" *Anderson v. Commissioner of Social Security*, No. 98-6284, 1999 WL 1045072 at * 5 (6th Cir. Nov. 12, 1999). "The issue, when considering the award of attorney's fees to a prevailing party under the EAJA, is not whether the ALJ gave adequate articulation for his findings, but whether the Commissioner was justified in supporting the ALJ's decision to deny benefits based on the record." *Id.* at *4. *See, e.g., Olive v. Commissioner of Social Security*, 534 F. Supp. 2d 756, 760-61 (N.D. Ohio 2008) ("[a]lthough there were circumstances that led to remand, that does not mean that the government was not justified in defending the ALJ's decision to deny benefits based on the available evidence"); *Diebert v. Commissioner of Social Security*, No. 1:06-cv-612, 2008 WL 190213 at *3 (W.D. Mich. April 25, 2008) (a court's remand to obtain a more complete discussion from the ALJ regarding denial of a claim is not equivalent to a court's finding that the government's position was not substantially justified under the EAJA).

The ALJ's failure to articulate his reasoning with respect to this issue does not, in and of itself, establish that there was no reasonable basis for the ALJ's decision to deny benefits. *See Anderson*, 1999 WL 1045072 at * 5; *Stein*, 966 F.2d at 319. This is not a case where the claimant presented overwhelming proof of disability. Plaintiff completed one year of college and had special

training as a medical assistant (AR 96). Plaintiff's testimony indicated that she is capable of performing a number of tasks consistent with sedentary work.[1] A non-examining DDS physician reviewed plaintiff's medical records and found that she was capable of performing a range of sedentary work (AR 23-24, 358-66). In addition, a treating physician found that plaintiff could occasionally lift 20 pounds, could stand/walk 1 to 2 hours in an 8-hour workday, had a normal gait, would walk 7/10ths of a mile, and had no loss of grip strength (AR 20-21, 337-39). While this court was critical of the ALJ's failure to articulate, the ALJ's decision denying benefits had a reasonable basis in law and fact. *See Real Property Located at 2323 Charms Road*, 946 F.2d at 440. Under these circumstances, the government's position in opposing this appeal was substantially justified under the EAJA.

### III. Recommendation

Accordingly, I respectfully recommend that plaintiff's motion for attorney fees (docket no.24) be **DENIED**.

Dated: June 24, 2010 /s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

---

[1] For example, the ALJ reviewed plaintiff's testimony regarding her physical limitations (e.g., she could walk 1/4 mile on a treadmill, stand for 15-20 minutes on a good day and 10 minutes on a bad day, lift 15 pounds, sit for 1/2 hour on a good day and 15 minutes on a bad day) and daily activities (e.g., she rises at 4:30 a.m., does laundry, waters plants, loads the dishwasher, watches 2-3 hours of television in the afternoon, fixes meals, folds laundry, walks on the treadmill, crochets, sews, does crafts, lies down, does her physical therapy, and goes shopping on occasion (AR 24).