UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA L. SAAL,

        Plaintiff,

Case No. 1:08-cv-347

Hon. Gordon J. Quist

vs.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
                                     /

**REPORT AND RECOMMENDATION**

This matter is before the court on plaintiff's counsel's motion for attorney fees pursuant to the 42 U.S.C. § 406(b) (docket no. 29). The motion is unopposed.

**I.    Background**

Plaintiff filed this action appealing the Commissioner's decision regarding benefits on April 15, 2008. On September 29, 2009, the court reversed and remanded this matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). *See* Order (docket no. 23). The court subsequently denied plaintiff's motion for fees under the Equal Access to Justice Act (EAJA). Order (July 13, 2010) (docket no. 28). On August 16, 2011, the Social Security Administration (SSA) awarded plaintiff disability benefits commencing in September 2005. *See* Important Information (Aug. 16, 2011) (docket no. 29-2). In its letter, the SSA advised plaintiff that she would receive a check for past due benefits through June 2011 in the amount of $46,497.75 and that the agency had withheld $14,570.25 from plaintiff's past due benefits to pay her representative.

*Id.*[1] Although the SSA has withheld $14,570.25 for attorney fees, plaintiff's counsel seeks a fee award of $13,440.00.  *See* Motion for award of attorney fee (docket no. 29).

        **II.**      **Legal standard**

Attorney fee awards in social security cases brought in this court are authorized under 42 U.S.C. § 406(b)(1)(A), which provides in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this title [42 U.S.C. § 401 et seq.] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

An attorney fee award is appropriate under § 406(b)(1)(A) when a court remands a case to the Commissioner for further proceedings and the Commissioner subsequently awards the claimant past-due benefits. *Bergen v. Commissioner of Social Security*, 454 F.3d 1273 (11th Cir. 2006).

The statutory limit on attorney fees arose, in part, as a response to the inordinately large fees charged by attorneys, which sometimes consisted of one-third to one-half of the claimant's past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 804 (2002). In determining an award of attorney fees under the Social Security Act pursuant to a contingent fee agreement, this court must look at the contingent fee agreement and test it for reasonableness. *Id.* at 808. Contingent fee agreements are unenforceable to the extent that they provide for fees in excess of the statutory limit of 25 percent of past-due benefits. *Id.* at 807; § 406(b0(1)(A). Within the 25 percent boundary, the attorney for the successful claimant must show, and the court must affirmatively find, that the fee sought is reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807. Since the burden of persuasion is on the claimant's attorney, this seems to negate a presumption in favor of the agreed upon amount. *Id.* at 807 and fn. 17. In determining the reasonableness of the contingent fee, the

---

[1] The August 16th correspondence does not specify the total amount of past-due benefits awarded to plaintiff.  Based upon the 25% of the past due benefits withheld ($14,570.25), plaintiff's total past due benefits would be $58,281.00.

court can reduce the fee based upon "the character of the representation and the results the representative achieved." *Id.* at 808. For example, it is appropriate to reduce the fee when representation is substandard. *Id.*, citing *Lewis v. Secretary of Health and Human Svc.,* 707 F.2d 246, 249-250 (6th Cir. 1983). Also, if the attorney is responsible for delay, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. *Gisbrecht,* 535 US. at 808, citing *Rodriguez v. Bowen,* 865 F.2d 739, 746-747 (6th Cir. 1989)(en banc). And if the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. *Id.* "In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Gisbrecht*, 535 U.S. at 808.

### III.    Discussion

The record reflects that plaintiff entered into a fee agreement on March 24, 2008, which provided that "if the claim goes to Court, I will pay the Attorney a fee equal to 25% of the past due benefits accrued on my claim." Attorney-Client Contingent Fee Agreement (docket no. 29-3). Under this agreement, plaintiff's counsel would receive $14,570.25, an amount equal to 25% of the past due benefits. Plaintiff's counsel has voluntarily reduced this fee to $13,440.00, which would result in an effective contingency fee of 23%. Based on the record in this case, the court concludes that the requested fee is reasonable. Counsel spent over three years representing plaintiff on this claim. Counsel's efforts resulted in a determination that plaintiff was disabled and entitled to past due benefits in excess of $58,000.00. In addition, counsel has submitted time sheets which reflect that she spent 32 hours on this matter. *See* Schedule of Attorney Services (docket no. 29-4). The requested attorney fee would result in compensation at an effective hourly rate of $420.00 (i.e., $13,440.00 / 32 hours). This effective hourly rate of $420.00 would not result in a windfall to plaintiff's counsel, who normally charges clients at an hourly rate of $210.00. *See Hayes v.*

*Secretary of Health and Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1991) (observing that "a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable" given that "social security attorneys are successful in approximately 50% of the cases they file in the court" ).  Furthermore, defendant has not objected to the amount of the fee.  Accordingly, the court finds that plaintiff's request for attorney fees is reasonable under § 406(b)(1)(A).

### IV.     Recommendation

For the reasons stated above, I respectfully recommend that plaintiff's motion for attorney fees (docket no. 29) be **GRANTED** in the amount of **$13,440.00**.

Dated: March 12, 2012                          /s/ Hugh W. Brenneman, Jr.
                                               HUGH W. BRENNEMAN, JR.
                                               United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).